

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00197-CV

**IN THE MATTER OF THE GUARDIANSHIP** OF Carlos Y. **BENAVIDES**, Jr.,
an Incapacitated Person

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2011PB000081L2
Honorable Jesus Garza, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
           Karen Angelini, Justice
           Luz Elena D. Chapa, Justice

Delivered and Filed:  February 19, 2014

AFFIRMED IN PART; DISMISSED IN PART

On April 23, 2013, the appellees, who are the adult children of Carlos Y. Benavides, Jr.,
filed a motion to dismiss this appeal for lack of jurisdiction based on the probate court's order
granting their motion in limine under Section 642 of the Texas Probate Code, which has been
recodified without change to Section 1055.001 of the Texas Estates Code.  The motion in limine
was granted based on the probate court's finding that the appellant, Leticia R. Benavides, who is
Carlos's wife, has an interest adverse to Carlos.  We affirm the probate court's order that Leticia
lacks standing because she has an interest adverse to Carlos and dismiss the remainder of the
appeal.

**STANDING AND STANDARD OF REVIEW**

A person who has an interest adverse to a proposed ward or incapacitated person is not entitled to contest the creation of a guardianship or the appointment of a person as the guardian of the person or estate of a proposed ward or incapacitated person. TEX. ESTATES CODE ANN. § 1055.001(b)(2), (3) (West 2014). The probate court must "determine by motion in limine the standing of a person who has an interest that is adverse to a proposed ward or incapacitated person." *Id*. at § 1055.001(c). "The issue of whether a party has standing to participate in a guardianship proceeding is a question of law," which we review de novo. *In re Guardianship of Miller*, 299 S.W.3d 179, 188 (Tex. App.—Dallas 2009, no pet.).

**DISCUSSION**

After the hearing on the motion in limine, the probate court entered express findings of fact in its order. The probate court found that: (1) Leticia and Carlos had executed a premarital agreement and a separate property agreement; (2) Leticia had taken actions contrary to those agreements; and (3) Leticia's actions were adverse to Carlos. Specifically, the probate court found that Leticia now contends that the agreements are invalid and unenforceable, that she does not intend to treat Carlos's separate property as his separate property, and that she does not intend to honor either agreement. The probate court further found that, in furtherance of her position, Leticia had filed two lawsuits against the temporary guardian of Carlos's estate and others. In those lawsuits, Leticia asserts Carlos's separate property is community property, an assertion contrary to the terms of the agreements. Based on these findings, the probate court found that Leticia has an interest that is adverse to Carlos's interest and thus lacked standing to participate in the guardianship proceeding.

This court has held that a person who is suing a proposed ward or incapacitated person has an interest adverse to the proposed ward or incapacitated person. *See In re Guardianship of Valdez,*

No. 04-07-00712-CV, 2008 WL 2332006, at *2 (Tex. App.—San Antonio June 4, 2008, pet. denied) (mem. op.); *see generally* Ford, Don D., *Fundamental Issues to Understand Before Accepting a Guardianship Litigation Engagement*, 48 THE ADVOC. (TEXAS) 77, 78 (2009) ("it seems clear that someone who is involved in a lawsuit directly adverse to the proposed ward … lacks standing under Section 642"). Similarly, in this case, we hold the litigation filed by Leticia seeking to invalidate the premarital and separate property agreements and to have the assets of Carlos's guardianship estate classified as community property as opposed to separate property causes Leticia to have an interest adverse to Carlos.[1] Accordingly, we uphold the probate court's order.

In her brief, Leticia asserts various issues relating to the probate court's admission of the agreements into evidence at the hearing on the motion in limine. Having reviewed the record, however, we hold that only the following objections are preserved for our review: (1) the agreements were not properly authenticated; and (2) the agreements are incomplete and not enforceable. With regard to the objection relating to the enforceability of the agreements, this objection goes to the weight the probate court should give to the agreements, not to their admissibility. *See All Metals Fabricating, Inc. v. Foster Gen. Contracting, Inc.*, 338 S.W.3d 615, 622 (Tex. App.—Dallas 2011, no pet.) (issues raised regarding timing, signature, and date of assignment relevant to weight but do not preclude admissibility). With regard to the objection relating to the authenticity of the agreements, Leticia admitted at the hearing that she signed the

---

[1] In one of her pleadings, Leticia acknowledges that the Benavides Family Mineral Trust was created prior to her marriage to Carlos; however, she alleges that "all distributions from such trust during the marriage are community property." This allegation is contrary to the terms of the separate property agreement which states, "All income arising during marriage from the separate property of [Carlos], as well as all subsequent income arising from the reinvestment of that income, is the separate property of [Carlos]." In her brief, Leticia claims Section 883 of the Texas Probate Code authorized her to file the lawsuit; however, Section 883 only authorizes Leticia to manage the community estate, not Carlos's separate estate because Leticia was not appointed as guardian of Carlos's estate. *See* TEX. ESTATES CODE ANN. §§ 1353.001-1353.006 (West 2014) (recodifying Section 883).

separate property agreement. In addition, both agreements are notarized, making them self-authenticating. *See* TEX. R. EVID. 902(8). Finally, the paralegal of Carlos's attorney, who was the custodian of record of the attorney's file, testified regarding the executed copies of the agreements that were introduced into evidence. The paralegal testified that the executed agreements were located in the attorney's file along with correspondence sent to Carlos and to the attorney who represented Leticia in connection with the agreements enclosing copies of the executed agreements. *See* TEX. R. EVID. 1003 (providing for admissibility of duplicates).

## CONCLUSION

Because we affirm the probate court's order granting the motion in limine and finding Leticia lacks standing to contest the guardianship proceeding and the appointment of a guardian, Leticia similarly has no standing to challenge the probate court's orders arising from the guardianship proceeding in this appeal. *See In re Estate of Denman*, 270 S.W.3d 639, 642 (Tex. App.—San Antonio 2008, pet. denied) (appealing party does not have standing to complain of errors that merely affect the rights of others). Accordingly, we dismiss the remainder of this appeal for lack of jurisdiction.

Catherine Stone, Chief Justice